IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |  |
|---|---|---|
| JOSE SANTIAGO, | * | |
| Plaintiff | * | |
| | * | Civ. No.: MJM-22-2906 |
| v. | * | |
| C.O. MORTON, | * | |
| Defendant. | * | |

\* \* \* \* \* \* \* \* \* \*

## MEMORANDUM OPINION

Self-represented plaintiff Jose Santiago ("Plaintiff"), who is incarcerated at Eastern Correctional Institution ("ECI"), filed a Complaint on November 8, 2022, alleging that defendant Correctional Officer Morton ("Defendant") denied Plaintiff medical attention before and after Plaintiff suffered a seizure. ECF Nos. 1, 6. Defendant filed a Motion to Dismiss or, in the Alternative, for Summary Judgment (the "Motion") on May 10, 2023. ECF No. 13. Plaintiff was advised by letter from the Clerk that he could oppose Defendant's Motion and the consequences of failing to do so. ECF No. 14. Plaintiff has filed nothing further, and the Motion is unopposed. No hearing is necessary to resolve the Motion. Loc. R. 105.6 (D. Md. 2023). For the reasons that follow, Defendant's Motion is construed as a Motion for Summary Judgment and is GRANTED.

### I. Background

Plaintiff alleges that, on the morning of September 12, 2022, he began to feel lightheaded. ECF No. 1 at 3. Plaintiff understood this to be a sign that he may soon have a seizure. *Id.* Plaintiff informed Defendant he was feeling lightheaded and requested to see medical personnel, but his requests were denied. *Id*. Shortly thereafter, Plaintiff suffered a seizure causing him to collapse to

the floor, thereby injuring his shoulder. *Id.* Plaintiff alleges that, because he was not permitted by Defendant to seek medical attention before his seizure, he suffered a "serious shoulder injury" requiring him to "receive surgery" and "wear a brace." ECF No. 1. Plaintiff further alleges that Defendant did not allow him to seek medical attention "for hours" after his injury. ECF No. 6. It was not until another correctional officer attested to the injury's severity that Plaintiff was allowed to seek treatment. *Id*. Plaintiff alleges that he attempted to resolve his grievances using the Administrative Remedy Procedure, but prison officials "threw away [his] ARPs and grievances to protect [Defendant]." ECF No. 1. Plaintiff seeks unspecified monetary relief and physical therapy. ECF Nos. 1, 6.

Defendant submitted two signed declarations in support of its Motion. ECF Nos. 13-2, 13-3. The declarations are signed by Jason K. Derr, Captain and Acting Litigation Coordinator at ECI, and Kristina M. Donnelly, Special Assistant to the Director of Patuxent Institution. *Id.* Derr states that he reviewed the ECI Master Indexes for ARPs, which revealed that Plaintiff "did not file any ARPs in either 2022 or 2023." ECF No. 13-2 ¶¶ 2–3. Derr further states that Plaintiff "never filed an ARP, or an appeal related to the incident that occurred on September 12, 2022." *Id.* ¶ 7. Moreover, inmates who submit ARPs receive carbon copies of the same; thus, "if [Plaintiff] did file any ARPs during 2022 or 2023, he would have received carbon copies." *Id.* ¶ 4. Derr further attests that he "received written confirmation from the Maryland Department of Public Safety and Correctional Services ARP/IGP Unit that there are no appeals on file for [Plaintiff]." *Id*. ¶ 6.

Donnelly states that she has access to requests for ARPs that are appealed by prisoners throughout the Maryland Division of Corrections. ECF No. 13-3 ¶ 1. She states that the "Headquarters Administrative Remedy Procedure (ARP)/Inmate Grievance Program (IGP) Unit maintains a database record of ARP appeals filed from 2009 to the present." *Id.* ¶ 2. Donnelly

states that "[a] search of the available records did not produce any record of the Headquarters [ARP/IGP] Unit having received an ARP appeal from" Plaintiff. *Id.* ¶ 3.

## II. Standard of Review

Defendant moves to dismiss the Complaint for failure to state a claim and, alternatively, for summary judgment. To survive a Rule 12(b)(6) motion to dismiss, a plaintiff must plead enough factual allegations "to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009). A complaint need not include "detailed factual allegations," but it must set forth "enough factual matter (taken as true) to suggest" a cognizable cause of action, "even if . . . [the] actual proof of those facts is improbable and . . . recovery is very remote and unlikely." *Twombly*, 550 U.S. at 555–56 (internal quotation marks omitted).

When considering a motion to dismiss, a court must take the factual allegations in the complaint as true and draw all reasonable inferences in favor of the plaintiff. *King v. Rubenstein*, 825 F.3d 206, 212 (4th Cir. 2016). At the same time, "a court is not required to accept legal conclusions drawn from the facts." *Retfalvi v. United States*, 930 F.3d 600, 605 (4th Cir. 2019) (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)).

Further, "pro se filings are 'h[e]ld to less stringent standards than formal pleadings drafted by lawyers.'" *Folkes v. Nelsen*, 34 F.4th 258, 272 (4th Cir. 2022) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)). Accordingly, the Court must construe pro se pleadings liberally. *Bing v. Brivo Sys., LLC*, 959 F.3d 605, 618 (4th Cir. 2020), *cert. denied*, 141 S. Ct. 1376 (2021). But "liberal construction does not require [the Court] to attempt to 'discern the unexpressed intent of

the plaintiff[;]'" the Court need only "determine the actual meaning of the words used in the complaint." *Williams v. Ozmint*, 716 F.3d 801, 805 (4th Cir. 2013) (quoting *Laber v. Harvey*, 438 F.3d 404, 413 n.3 (4th Cir. 2006) (en banc)). Thus, a pro se complaint "still 'must contain enough facts to state a claim for relief that is plausible on its face.'" *Thomas v. The Salvation Army S. Territory*, 841 F.3d 632, 637 (4th Cir. 2016) (quoting *King v. Rubenstein*, 825 F.3d 206, 212, 214 (4th Cir. 2016) (quoting *Twombly*, 550 U.S. at 570)).

Ordinarily, a court "is not to consider matters outside the pleadings or to resolve factual disputes when ruling on a motion to dismiss." *Bosiger v. U.S. Airways, Inc.*, 510 F.3d 442, 450 (4th Cir. 2007). If the court considers matters outside the pleadings pursuant to Fed. R. Civ. P. 12(d), "the motion must be treated as one for summary judgment under Rule 56." Fed. R. Civ. P. 12(d). If the court converts the motion to dismiss to a motion for summary judgment in this fashion, "[a]ll parties must be given a reasonable opportunity to present all the material that is pertinent to the motion." *Id*. A court may not convert a motion to dismiss to one for summary judgment *sua sponte* unless it provides notice to the parties that it will do so. *See Laughlin v. Metro Washington Airports Auth.*, 149 F.3d 253, 261 (4th Cir. 1998) (noting that a district court "clearly has an obligation to notify parties regarding any court-instituted changes" in the posture of a motion, including conversion under Rule 12(d)). However, when the movant expressly captions its motion "in the alternative" as one for summary judgment and submits matters outside the pleadings for the court's consideration, the parties are deemed to have notice that conversion under Rule 12(d) may occur, and the court need not "notify parties of the obvious." *Id*.

Summary judgment is appropriate when the moving party establishes that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). To meet its burden, the party must identify "particular parts of materials in

4

the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations . . . admissions, interrogatory answers, or other materials" in support of its position. Fed. R. Civ. P. 56(c)(1)(A). "[T]o avoid summary judgment, the opposing party must set forth specific facts showing that there is a genuine issue for trial." *Perkins v. Int'l Paper Co.*, 936 F.3d 196, 205 (4th Cir. 2019) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)).

A dispute of fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 248. The opposing party must identify more than a "scintilla of evidence" in support of its position to defeat the motion for summary judgment. *Id.* at 251. A plaintiff opposing summary judgment must present "evidence on which the jury could reasonably find for the plaintiff." *Id.* at 252. A party can establish the absence or presence of a genuinely disputed fact through "particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials." Fed. R. Civ. P. 56(c)(1)(A). The Court "should not weigh the evidence." *Perkins*, 936 F.3d at 205 (quoting *Anderson*, 477 U.S. at 249). However, if "the record taken as a whole could not lead a rational trier of fact to find for the non-moving party," then summary judgment is proper. *Id.* (quoting *Teamsters Joint Council No. 83 v. Centra, Inc.*, 947 F.2d 115, 119 (4th Cir. 1991)); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). In ruling on a motion for summary judgment, this Court "view[s] the facts and inferences drawn from the facts in the light most favorable to . . . the nonmoving party." *Perkins*, 936 F.3d at 205 (quoting *Evans v. Techs. Applications & Serv. Co.*, 80 F.3d 954, 958 (4th Cir. 1996)).

Summary judgment is generally improper "where the parties have not had an opportunity for reasonable discovery." *E.I. du Pont*, 637 F.3d 435, 448–49 (4th Cir. 2012). However, the non-moving party cannot "complain that summary judgment was granted without discovery unless that party has made an attempt to oppose the motion on the grounds that more time was needed for discovery." *Evans*, 80 F.3d at 961. "If a party believes that more discovery is necessary for it to demonstrate a genuine issue of material fact, the proper course is to file a [Fed. R. Civ. P. 56(d)] affidavit." *Harrods Ltd. v. Sixty Internet Domain Names*, 302 F.3d 214, 244 (4th Cir. 2002). A Rule 56(d) affidavit specifies reasons the non-moving party "cannot present facts essential to justify its opposition" to a summary judgment motion. Fed. R. Civ. P. 56(d). "[F]ailure to file an affidavit . . . is itself sufficient grounds to reject a claim that the opportunity for discovery was inadequate." *Harrods Ltd.*, 302 F.3d at 244 (quoting *Evans*, 80 F.3d at 961).

The Fourth Circuit has made clear that "it is appropriate to excuse 'technical noncompliance' with Rule 56(d), especially with pro se plaintiffs where the district court is put on 'fair notice of a potential dispute as to the sufficiency of the summary judgment record.'" *Firewalker-Fields v. Lee*, 58 F.4th 104, 123 (4th Cir. 2023) (quoting *Pledger v. Lynch*, 5 F.4th 511, 526 (4th Cir. 2021)). A pro se party, however, must still demonstrate that he seeks discovery and that such discovery would be relevant to dispute the motion for summary judgment. *Id.*; *see also Mohn v. Progressive Ins.*, 802 F. App'x 391. 396 (10th Cir. 2020) (holding that where a defendant fails to submit affidavits as required by Rule 56(d), "his pro se status does not excuse this failure") (citation omitted)). Notwithstanding a plaintiff's self-represented status, he must still "put the court on notice that there [is] [a] possible dispute about the sufficiency of the evidence for [his] claim[,]" and that discovery would aid "in developing essential facts . . . ." *Firewalker-Fields*, 58 F.4th at 124.

### III. Discussion

Plaintiff's allegations raise two claims: first, that Defendant acted with deliberate indifference to his medical emergency *before* he suffered a seizure; and second, that Defendant was deliberately indifferent to Plaintiff's medical needs *after* his seizure. ECF Nos. 1, 6. Construed liberally, these claims allege a violation of Plaintiff's Eighth Amendment rights.

The Eighth Amendment "embodies 'broad and idealistic concepts of dignity, civilized standards, humanity, and decency.'" *Estelle v. Gamble*, 429 U.S. 97, 102 (1976) (quoting *Jackson v. Bishop*, 404 F.2d 571, 579 (8th Cir. 1968)). Beyond its proscription of cruel and unusual punishment, the Eighth Amendment "imposes duties on [prison] officials, who must provide humane conditions of confinement." *Makdessi v. Fields,* 789 F.3d 126, 132 (4th Cir. 2015) (citing *Farmer v. Brennan,* 511 U.S. 825, 832 (1994)). "[T]he government and its officials are not free to let the state of nature take its course," but must act "to ensure the minimal civilized measure of life's necessities." *Id.* at 133. "[D]eliberate indifference to serious medical needs of prisoners constitutes the unnecessary and wanton infliction of pain . . . proscribed by the Eighth Amendment." *Estelle*, 429 U.S. at 104 (internal quotation marks and citation omitted). This indifference encompasses instances of "prison guards . . . intentionally denying or delaying access to medical care." *Id.* at 104–05.

Defendant has moved for summary judgment on the grounds that Plaintiff failed to exhaust administrative remedies. ECF No. 13. "Where, as here, the movant seeks summary judgment on an affirmative defense, it must conclusively establish all essential elements of that defense." *Ray Communs., Inc. v. Clear Channel Communs., Inc.*, 673 F.3d 294, 299 (4th Cir. 2012) (citation omitted).

The Prison Litigation Reform Act ("PLRA") states that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other federal law, by a prisoner . . . until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Further, the Act requires "proper" exhaustion. *Woodford v. Ngo*, 548 U.S. 81 (2006) (quoting *Pozo v. McCaughtry*, 286 F.3d 1022, 1024 (7th Cir. 2002)). "Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules," as well as "using all steps that the agency holds out." *Id.* (quoting *Pozo*, 286 F.3d at 1024). Exhaustion requires a prisoner to pursue his claim to the highest level available. *See, e.g.*, *Broschart v. Thompson*, 2007 WL 4561301 (W.D. Va. Dec. 20, 2007) (citing *Woodford*, 548 U.S. at 81). "An inmate who begins the grievance process but does not complete it is barred from pursuing a § 1983 [claim]." *Jernigan v. Stuchell*, 304 F.3d 1030, 1032 (10th Cir. 2002) (citing *Wright v. Hollingsworth*, 260 F. 3d 357, 358 (5th Cir. 2001)). Exhaustion may not be excused unless an administrative procedure is not available. *See Ross v. Blake*, 578 U.S. 632, 642 (2016). The "exhaustion of administrative remedies under the PLRA is a question of law to be determined by the judge . . . ." *Drippe v. Tobelinski*, 604 F.3d 778, 782 (3d Cir. 2010); *see also Lee v. Willey*, 789 F.3d 673, 677 (6th Cir. 2015) ("[A]ll . . . of the circuits that have considered the issue agree that judges may resolve factual disputes relevant to the exhaustion issue without the participation of a jury.") (internal quotation marks omitted).

ECI maintains an Administrative Remedy Procedure ("ARP") for inmates. *See* ECF Nos. 13-2, 13-3. Defendant presents sworn statements from Jason Derr and Kristina Donnelly. ECF No. 13-2, 13-3. Derr avers that Plaintiff "did not file any ARPs in either 2022 or 2023" and never filed an ARP or appeal "related to the incident that occurred on September 12, 2022." ECF No. 13-2 ¶¶ 2–3, 7. Moreover, inmates who submit ARPs receive carbon copies of the same; thus, "[i]f [Plaintiff] did file any ARPs during 2022 or 2023, he would have received carbon copies." *Id.* ¶ 4.

Derr and Donnelly collectively aver that there are no appeals on file for Santiago. *Id.* ¶ 6; ECF No. 13-3 ¶ 3. Derr further attests that he "received written confirmation from the Maryland Department of Public Safety and Correctional Services ARP/IGP Unit that there are no appeals on file for [Plaintiff]." *Id.* ¶ 6.

Defendant has presented sufficient evidence to support her exhaustion-based affirmative defense. Specifically, the sworn statements from Derr and Donnelly sufficiently demonstrate that Plaintiff has failed to properly exhaust his available administrative remedies. Indeed, Derr and Donnelly aver that, upon review of Defendant's available records, Plaintiff has not submitted any ARPs or appeals regarding the underlying incident.

When the defendant has produced sufficient evidence in support of her affirmative defense, the burden of production shifts to the plaintiff to "come forward with specific facts showing that there is a genuine issue for trial." *Brinkley v. Harbour Recreation Club*, 180 F.3d 598, 614 (4th Cir.1999) (internal citations and quotation marks omitted). A party opposing a properly supported motion for summary judgment "may not rest upon the mere allegations or denials of [his] pleadings," but rather must "set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e); *see Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586–87 (1985) (holding that, once motion for summary judgment is properly made and supported, opposing party has burden of showing, by means of affidavits or other verified evidence, that there exists genuine dispute of material fact); *Shaw v. Stroud*, 13 F.3d 791, 798 (4th Cir. 1994) ("The opposing party must demonstrate that a triable issue of fact exists; he may not rest upon mere allegations or denials."). "Therefore, on those issues on which the nonmoving party has the burden of proof, it is his or her responsibility to confront the summary judgment motion with an affidavit

9

or other similar evidence showing that there is a genuine issue for trial." *Kitchen v. Ickes*, 116 F. Supp. 3d 613, 623 (D. Md. 2015), *aff'd*, 644 F. App'x 243 (4th Cir. 2016).

Plaintiff was advised by letter from the Clerk that he could oppose Defendant's Motion, ECF No. 14, but he failed to do so. Plaintiff alleges in his Complaint that when he attempted to file ARPs, they were "thrown away." ECF No. 1. However, the Complaint is unverified, and Plaintiff has failed to support his allegations with a detailed affidavit or other competent evidence or otherwise refute statements made in the sworn declarations presented with Defendant's Motion. Thus, Plaintiff has failed to meet the burden necessary to oppose Defendant's motion for summary judgment. *Williams v. Moyer*, No. CV TDC-18-1932, 2019 WL 5064956 (D. Md. Oct. 9, 2019) ("unsupported and unverified statements . . . are insufficient to refute defendants' evidence that he failed to exhaust his administrative remedies"). Furthermore, Plaintiff has provided no notice of any "potential dispute as to the sufficiency of the summary judgment record." *Firewalker-Fields*, 58 F.4th at 123 (citation omitted).

Accordingly, the Court finds that Plaintiff has failed to exhaust his administrative remedies, and Defendant's Motion for Summary Judgment will be GRANTED.

### IV. Conclusion

For the foregoing reasons, Defendant's Motion to Dismiss, or in the Alternative, for Summary Judgment, construed as a Motion for Summary Judgment, shall be granted. A separate Order will follow.

7/26/24
Date

Matthew J. Maddox
United States District Judge